UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| Pauline Lingar and Johnny Lingar,<br><br>    Plaintiffs,<br><br>v.<br><br>Hanging Rock, LTC, LLC,<br>d/b/a Mountain View Nursing and<br>Rehabilitation Center<br><br>AND<br><br>Life Care Centers of America, Inc.<br><br>AND<br><br>Judy Branham<br>In her capacity as<br>Administrator of Mountainview Nursing &<br>Rehabilitation Center<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)  **NOTICE OF REMOVAL**<br>)<br>)<br>)<br>)<br>)<br>) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant, Hanging Rock, LTC, LLC, d/b/a Mountain View Nursing and Rehabilitation Center ("Hanging Rock"), pursuant to 28 USC §§ 1441 and 1446, hereby gives notice of the removal of this action from the Circuit Court of Bell County, Kentucky, to the United States District Court for the Eastern District of Kentucky, Southern Division at London. In support of the Notice of Removal, Hanging Rock states as follows:

I.

**NOTICE OF REMOVAL IS FILED TIMELY**

Plaintiffs, Pauline Lingar and Johnny Lingar, filed this suit in Bell Circuit Court, Commonwealth of Kentucky, on December 2, 2013. Plaintiffs filed suit against Hanging Rock

1

and others, and that suit is styled as follows: *Pauline Lingar and Johnny Lingar v. Hanging Rock, LTC, LLC d/b/a Mountain View Nursing and Rehabilitation Center, Life Care Centers of America, Inc., and Judy Branham, in her capacity as Administrator of Mountain View Nursing and Rehabilitation*, Bell Circuit Court, Civil Action No. 13-CI-516. Hanging Rock first received the Summons and Complaint on or about December 10, 2013. Therefore, this Notice of Removal is filed within the time period required by § 28 U.S.C. 1446(b).

## II.

## NATURE OF SUIT

In this nursing home negligence action, the Plaintiffs contend that Hanging Rock breached its duties of care with respect to Pauline Lingar, allegedly resulting in the accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress, permanent impairment of power to earn money, and hospitalizations. *See Paragraph 16 of Plaintiffs' Complaint.* Plaintiffs seek compensatory and punitive damages, as well as attorney's fees and costs. Plaintiffs also demand a jury trial. Hanging Rock denies that it was negligent and further denies any liability to Plaintiffs.

## III.

## BASIS FOR REMOVAL

Subject matter jurisdiction is proper in this Court based on the diversity of citizenship provision of 28 U.S.C. § 1332(a), as the alleged amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the controversy is wholly between citizens of different states. Consequently, the pending state court action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

A.  **Diversity of Citizenship Between Plaintiffs and Hanging Rock**

Upon information and belief, Plaintiffs are citizens of the Commonwealth of Kentucky. The Complaint avers that, "Pauline Lingar and Johnny Lingar are husband and wife and reside in Bell County, Kentucky." *See Paragraph 1 of Plaintiffs' Complaint.* Plaintiffs are individuals both residing and domiciled in the Commonwealth of Kentucky and are, therefore, also citizens of the Commonwealth of Kentucky. It has long been held that citizenship for purposes of diversity jurisdiction is synonymous with domicile and not residency. *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968). Despite the use of the word "reside" in the Complaint, as opposed to the use of the word "citizens," at the time of removal, both Plaintiffs were and are clearly domiciled within Bell County, Kentucky and are therefore, citizens of the Commonwealth of Kentucky.

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. §1332(c)(1). Hanging Rock is incorporated under the laws of the state of North Carolina and has its principal place of business located at 1435 Highway 258 N, Kinston, North Carolina, 28504. Plaintiff has also acknowledged that Hanging Rock is not a citizen of the Commonwealth of Kentucky. Complaint at ¶3 ("[t]he Defendant, Hanging Rock, LTC, LLC d/b/a Mountain View Nursing and rehabilitation Center (hereinafter Mountain View) is a Foreign Corporation and is authorized to do business in the Commonwealth of Kentucky. . ."). Hanging Rock is a citizen of the State of North Carolina as it is both incorporated within and maintains its principal place of business within North Carolina. This was true for the relevant time period and at the time of both the filing of the Complaint and removal. For diversity purposes, the citizenship of a limited liability

company is the citizenship of each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Hanging Rock has two members that are corporations. Both entities were incorporated under the laws of the state of North Carolina, and have their principal places of business in North Carolina, meaning that both members of Hanging Rock, LLC are citizens of the state of North Carolina. This was true for the relevant time period and at the time of both the filing of the Complaint and removal. As a result, Hanging Rock is a citizen of North Carolina and its citizenship is diverse from the Plaintiffs.

### B. The Plaintiff Has Fraudulent Joined Defendants Life Care Centers of America, Inc. and Judy Branham, as Administrator of Mountain View Nursing and Rehabilitation Center

The Complaint also alleges claims against Life Care Centers of America, Inc. ("LCC"). Plaintiff has acknowledged that LCC is not a citizen of the Commonwealth of Kentucky. Complaint at ¶4 ("[t]he Defendant, Life Care Centers of America, Inc., is a Foreign Corporation and is authorized to do business in the Commonwealth of Kentucky. . ."). Upon information and belief, LCC is incorporated under the laws of Tennessee and has its principal place of business located at 3570 Keith Street, N.W., Cleveland, Tennessee. LCC is a citizen of the State of Tennessee.

Though completely diverse, the citizenship of LCC is irrelevant because the Plaintiffs have fraudulently joined LCC. While Plaintiff, Pauline Lingar, resided at the facility known as Mountain View Nursing and Rehabilitation Center, which is located in Pineville, Bell County, Kentucky, LCC has no connection with, and has not had any connection with ownership or operation of that facility. *See Affidavit of James Kennedy at ¶4.* Upon information and belief, LCC may have a connection with the facility known as Mountain View Health Care Center, which is located in Elkhorn City, Pike County, Kentucky. Therefore, and as discussed in more

detail in the Memorandum of Points and Authority, the Plaintiffs have fraudulently joined LCC, and its citizenship is irrelevant for the purposes of establishing diversity jurisdiction.

The Complaint also alleges claims against Judy Branham, in her capacity as Administrator of Mountain View Nursing and Rehabilitation. Although Judy Branham appears to be an individual domiciled within the Commonwealth of Kentucky and, therefore, a citizen of the Commonwealth of Kentucky, her citizenship is irrelevant because the Plaintiffs have fraudulently joined her in this lawsuit. Judith Branham was not the Administrator of Mountain View Nursing and Rehabilitation Center, which is located in Pineville, Bell County, Kentucky. Rather, upon information and belief, Judy Branham was, for a period of time, the Administrator of Mountain View Health Care Center, which is located in Elkhorn City, Pike County, Kentucky. The facility at which the Plaintiff, Pauline Lingar, resided was Mountain View Nursing and Rehabilitation Center, located in Pineville, Kentucky. *See Affidavit of James Kennedy ¶3.* Therefore, and as discussed in more detail in the Memorandum of Points and Authority, the Plaintiffs have fraudulently joined Judy Branham and her citizenship is irrelevant for the purposes of establishing diversity jurisdiction. Accordingly, and, as demonstrated by the preceding citizenship of the parties, this suit involves a controversy between non-fraudulently joined citizens of different states.

    C.    **Amount in Controversy**

This action involves claims in which Plaintiffs' alleged damages exceed $75,000. The Plaintiff claims damages as to Pauline Lingar for the following: pain and suffering, past and future medical expenses, attorney fees, loss of earning capacity, and other related expenses necessary to her care. *See Plaintiff's Prayer for Relief.* Plaintiff Johnny Linger additionally

claims damages for loss of consortium as well. Therefore, the amount in controversy is satisfied because it exceeds $75,000 exclusive of costs and interest. *See Plaintiff's Prayer for Relief.*

## IV.

### THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

This Notice of Removal is procedurally correct. Hanging Rock has attached to this notice the complete State Court Record of Proceedings. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending. Hanging Rock is simultaneously filing a copy of this Notice of Removal with the Clerk of the State court in which the action has been pending.

## V.

### PRAYER FOR RELIEF

The requisite diversity of citizenship between Plaintiffs and the non-fraudulently joined Defendant Hanging Rock and the amount in controversy, as required by 28 U.S.C. §1332, have been satisfied. Therefore, this matter is removable to federal court pursuant to 28 U.S.C. §1332 and §28 U.S.C. 1441(a).

**WHEREFORE**, based upon this Court's original jurisdiction over diverse citizens, Defendant, Hanging Rock LTC, LLC, respectfully requests that this cause proceed in this Court, as an action properly removed from the Bell Circuit Court, Commonwealth of Kentucky.

THOMPSON MILLER & SIMPSON PLC

/s/ Byron N. Miller
Byron N. Miller, Esq.
Kevin M. Murphy, Esq.
Michael J. Bender, Esq.
734 West Main Street, Suite 400
Louisville, Kentucky 40202
Telephone: (502) 585-9900
Facsimile: (502) 585-9993
*Counsel for Defendant, Hanging Rock LTC, LLC*

## **CERTIFICATE OF SERVICE**

 I hereby certify that a copy of the foregoing was filed this 12th day of December 2013, electronically through the operation of the Court's electronic filing system. All electronically registered recipients below through the Court's ECF/CM system were served electronically with a true and accurate copy. Parties may access this filing through the Court's system. A true and correct copy of the foregoing was also mailed to the following:

Steve O'Brien III
Harold Kirtley
Adam Stigall
Stephen M. O'Brien III, PLLC
271 West Short Street, Suite 200
Lexington, Kentucky 40507


Colby Slusher, Clerk
Bell County Circuit Court
Farmer Helton Judicial Center
Pineville, Kentucky 40977

Life Care Centers of America, Inc.
CSC- Lawyers Incorporating Service Company
421 West Main Street
Frankfort, Kentucky 40601

Judy Branham
10 Branham Highway
Betsy Lane, Kentucky 41605

         /s/ Byron N. Miller
         *Counsel for Defendant, Hanging Rock LTC, LLC*