| AOC-105      Doc. Code: CI | | Case No. 13-CI-00516 |
|---|---|---|
| Rev. 1-07      01/6/2011 02:53 pm | | |
| Page 1 of 1      Ver. 1.02 | (seal) | Court  [X] Circuit  [ ] District |
| Commonwealth of Kentucky | | |
| Court of Justice   www.courts.ky.gov | | County  Bell |
| CR 4.02; CR Official Form 1 | CIVIL SUMMONS | |

**PLAINTIFF**

Pauline Lingar and Johnny Lingar

VS.

**DEFENDANT**

Hanging Rock, LTC, LLC d/b/a Mountain View Nursing and Rehabilitation Center

**Service of Process Agent for Defendant:**   SERVE BY CERTIFIED MAIL:

Marian J. Hayden
210 Washington Street
Frankfort, Kentucky 40602

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by an attorney on **your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: DEC - 2 2013 , 2____        By: Colby Slusher _____ Clerk
                                            _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2____.

Served by: _____
            _____ Title

FILED
COLBY SLUSHER
DEC 0 2 2013
BELL CIRCUIT COURT CLERK
BY_____D.C.

COMMONWEALTH OF KENTUCKY
BELL CIRCUIT COURT
DIVISION: _____
CIVIL ACTION NO. 13-CI-00516

PAULINE LINGAR AND JOHNNY LINGAR                                       PLAINTIFFS

v.                                    **COMPLAINT**

                                                                       DEFENDANTS
HANGING ROCK, LTC, LLC D/B/A MOUNTAIN
VIEW NURSING AND REHABILITATION CENTER,
LIFE CARE CENTERS OF AMERICA, INC. AND
JUDY BRANHAM, IN HER CAPACITY AS
ADMINSTRATOR OF MOUNTAIN VIEW NURSING
AND REHABILITATION

*Hanging Rock, LTC, LLC d/b/a Mountain View*
*Nursing and Rehabilitation Center*

   *Serve by Certified Mail:*

   *Marian J. Hayden*
   *210 Washington Street*
   *Frankfort, Kentucky  40602*

*Life Care Centers of America, Inc.*

   *Serve by Certified Mail:*

   *CSC-Lawyers Incorporating Service Company*
   *421 West Main Street*
   *Frankfort, Kentucky  40601*

*Judy Branham, in her Capacity as Administrator*
*of Mountain View Nursing and Rehabilitation*

   *Serve by Certified Mail:*

   *Judy Branham*
   *945 West Russell Street*
   *Elkhorn City, Kentucky  41522*

** ** ** ** ** ** ** ** ** **

Come the Plaintiffs, Pauline Lingar and Johnny Lingar, by counsel, and for their cause of action against the Defendants, Hanging Rock, LTC, LLC d/b/a Mountain View Nursing and Rehabilitation Center, Life Care Centers of America, Inc., and Judy Branham, as Administrator of Mountain View Nursing and Rehabilitation, states as follows:

## COUNT I

1. Pauline Lingar and Johnny Lingar are husband and wife and reside in Bell County, Kentucky.

2. Upon information and belief, Pauline Lingar was a resident of Mountain View Nursing and Rehabilitation Center [hereinafter Mountain View] located in Pineville, Kentucky.

3. The Defendant, Hanging Rock, LTC, LLC d/b/a Mountain View Nursing and Rehabilitation Center [hereinafter Mountain View] is a Foreign Corporation and is authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Mountain View in Bell County, Kentucky. Its registered agent for service of process is Marian J. Hayden, 210 Washington Street, Frankfort, Kentucky 40602.

4. The Defendant, Life Care Centers of America, Inc., is a Foreign Corporation and is authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Mountain View in Bell County, Kentucky. Its registered agent for service of process is CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

5. Upon information and belief, Defendant, Judy Branham, was an Administrator of Mountain View during the residency of Pauline Lingar. The causes of action made the basis of this suit arise out of Defendant, Judy Branham's administration of the facility during the residency of Pauline Lingar. Defendant Judy Branham can be served at Mountain View Nursing Home located at 945 West Russell Street, Elkhorn, City, Kentucky 41522.

6. The Defendants controlled the operation, planning, management, budget and quality control of Mountain View. The authority exercised by Defendants over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals used by the nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services and financial, tax and accounting control through fiscal policies established by the Defendants.

7. Whenever the term *"Corporate Defendants"* is utilized within this suit, such term refers to, and includes Hanging Rock, LTC, LLC d/b/a Mountain View Nursing and Rehabilitation Center and Life Care Centers of America, Inc.

8. Whenever the term *"Administrative Defendant"* is utilized within this suit, such term refers to Judy Branham, in her capacity as the Administrator of Mountain View Nursing and Rehabilitation Center.

9. Whenever the term *"Defendants"* is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

10. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

11. Plaintiffs reallege and reaffirm all the allegations contained in the paragraphs above, and incorporate same as if fully set forth herein.

12. Upon information and belief, Pauline Lingar was looking to the Defendants for treatment of her total needs for custodial, nursing and medical care and not merely as the situs where others not associated with the facility would treat her.

13. At all relevant times mentioned herein, Corporate Defendants owned, operated and/or controlled the Mountain View, either directly or through the agency of other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

14. The Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

15. Defendants failed to discharge their obligations of care to Pauline Lingar, and in so failing, displayed a conscious disregard for her rights and safety. At all times mentioned herein, Defendants, individually and/or through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Pauline Lingar, as more fully set forth below. Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Mountain View, including Pauline Lingar.

16. Due to the wrongful conduct of the Defendants, Pauline Lingar suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process. Pauline Lingar suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress, permanent impairment of her power to earn money and hospitalizations, all of which were caused by the wrongful conduct of the Defendants as alleged below

## COUNT ONE
## NEGLIGENCE

17. Plaintiffs reallege and reaffirm all the allegations contained in the paragraphs above, and incorporate same as if fully set forth herein.

18. Corporate Defendants owed a non-delegable duty to Pauline Lingar, to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstance.

19. Upon information and belief, Corporate Defendants knowingly developed and maintained staffing levels at the facility without regard for patient acuity levels as well as of the minimum time required to perform the essential functions of providing care to Pauline Lingar.

20. Corporate Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:
    a. The failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:
        i. Ensuring compliance with the rules and regulations designed to protect the health and safety of Pauline Lingar, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;
        ii. Ensuring compliance with the resident care policies for the facility; and
        iii. Ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;
    b. The failure to develop, implement and follow policies to assist Pauline Lingar in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote her healing or cure;
    c. The failure to maintain all records on Pauline Lingar in accordance with accepted professional standards and practices;
    d. The failure to provide the minimum number of qualified personnel to meet the total needs of Pauline Lingar;

e. The failure to monitor or increase the number of nursing personnel at Mountain View to ensure that Pauline Lingar:

   i. Received timely and accurate care assessments;

   ii. Received prescribed treatment, medication and diet; and

   iii. Received timely custodial, nursing and medical intervention due to a significant change in condition;

f. The failure to provide a nursing and other staff that was properly staffed, qualified and trained.

g. The failure to have in place adequate guidelines, policies and procedures of Mountain View and to administer those policies through enforcement of any rules, regulations, by – laws or guidelines;

h. The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at Mountain View; and

i. The failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.

21. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in injuries to Pauline Lingar. Each of the foregoing acts of negligence on the part of the Corporate Defendants was accomplished by such wanton or reckless disregard for the health and safety of Pauline Lingar as to constitute gross negligence.

22. Pursuant to KRS 446.070, Plaintiffs also allege Corporate Defendants violated statutory and regulatory duties of care, the violations of which are actionable as negligence per se. Pauline Lingar was injured by the statutory violations of Corporate Defendants and is within the class of persons for whose benefit the statues were enacted and who was intended to be protected by these statutes. The negligence per se of Corporate Defendants included, but is not limited to violation(s) of the following:

    a. Violation(s) of KRS 209.005 et seq. and the regulations promulgated there under, by abuse, neglect and/or exploitation of Pauline Lingar;

    b. Violation(s) of KRS 508.090 et seq., criminal abuse, by committing intentional, wanton or reckless abuse of Pauline Lingar, or permitting Pauline Lingar, a person of whom Defendants had actual custody, to be abused. Such abuse caused serious physical injury, placed Pauline Lingar in a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Pauline Lingar;

    c. Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Pauline Lingar, who was unable to care for herself because of mental illness;

    d. Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and /or

    e. Violation(s) of the statutory standards and requirements governing licensing and operation of long term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated there under, as well as the applicable federal laws and regulations governing the certification of the long-term care facilities under Titles XVIII or XIX of the Social Security Act.

23. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Pauline Lingar suffered the injuries as described above. Plaintiffs assert a claim for judgment for all compensatory and punitive damages against the Defendants including, but not limited to, medical expenses, pain and suffering, permanent impairment of her power to earn money, mental anguish and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional requirements of this Court, plus costs and all other relief to which Plaintiffs are entitled by law.

## COUNT TWO
## MEDICAL NEGLIGENCE

24. Plaintiffs reallege and reaffirm all the allegations contained in the paragraphs above, and incorporate same as if fully set forth herein.

25. Corporate Defendants had a duty to provide the standard of professional medical care and services of reasonably competent nursing facility acting under the same or similar circumstances.

26. Corporate Defendants failed to meet applicable standards of medical care. The medical negligence or malpractice of the Corporate Defendants included, but was not limited to, the following acts and omissions:

    a. The overall failure to ensure that Pauline Lingar received the following:

   i. Timely and accurate care assessments;

   ii. Prescribed treatment, medication and diet;

   iii. Necessary supervision; and

   iv. Timely nursing and medical intervention due to a significant change in condition;

b. The failure to hire and retain sufficient professional nursing staff;

c. The failure to adequately assess, evaluate and supervise nursing personnel;

d. The failure to provide and implement an adequate nursing care plan based on the needs of Pauline Lingar;

e. The failure to access the risk and prevent, treat or heal the development of or worsening of pressure sores or lesions;

f. The failure to assess the risk and prevent, treat or heal the development of or worsening of malnutrition;

g. The failure to provide care, treatment and medication in accordance with physician's orders; and

h. The failure to adequately and appropriately monitor Pauline Lingar and recognize significant changes in her health status, and to timely notify her physician of significant changes in her health status;

i. Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the

certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

27. It was foreseeable that the breaches of care listed above would result in injuries to Pauline Lingar. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

28. Each of the foregoing acts of professional or medical negligence on the part of the Corporate Defendants was accomplished by such wanton or reckless disregard for the health and safety of Pauline Lingar as to constitute gross negligence.

29. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Pauline Lingar suffered the injuries described above. Plaintiffs assert a claim for judgment for all compensatory and punitive damages against the Corporate Defendants including, but not limited to, medical expenses, permanent impairment of her power to earn money, pain and suffering, mental anguish, disability, disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional requirement of this Court, plus costs and all other relief to which Plaintiffs are entitled by law.

## COUNT THREE
## CORPORATE NEGLIGENCE

30. Plaintiffs reallege and reaffirm all the allegations contained in the paragraphs above, and incorporate same as if fully set forth herein.

31. Upon information and belief, Pauline Lingar was looking to Corporate Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Pauline Lingar received was being rendered through employees of Corporate Defendants and that any negligence associated with that treatment would render Corporate Defendants responsible.

Corporate Defendants or the persons or entities under their control, or to the extent Corporate Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Pauline Lingar, to use the degree and skill which is expected of a reasonably competent medical practitioner in the same or similar circumstance.

32. Corporate Defendants owed a non-delegable duty to assist Pauline Lingar in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote her cure.

33. Corporate Defendants owed a duty to Pauline Lingar to maintain their facilities; including providing and maintaining medical equipment and hiring, supervising and retaining nurses and other staff employees.

34. Corporate Defendants owed a duty to Pauline Lingar to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Corporate Defendants to insure smoothly run facilities and adequate resident care.

35. Corporate Defendants owed a duty to Pauline Lingar to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Pauline Lingar from danger due to her mental incapacity to care for herself. Corporate Defendants had a duty to protect Pauling Lingar from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely to happen.

36. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Pauline Lingar, suffered the injuries described herein. Plaintiffs assert a claim for judgment for all compensatory and punitive damages against Corporate Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability and disfigurement, loss of enjoyment of life, loss of earning capacity, all in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiffs are entitled by law.

## COUNT FOUR
## VIOLATIONS OF LONG TERM CARE RESIDENTS' RIGHTS

37. Plaintiffs reallege and reaffirm all the allegations contained in the paragraphs above, and incorporate same as if fully set forth herein.

38. The Corporate Defendants violated statutory duties owed to Pauline Lingar as a resident of a long term care nursing facility, Kentucky Revised Statutes sections 216.510 *et seq.* These statutory duties were non-delegable.

39. Violations of the residents' rights of Pauline Lingar include, but are not limited to, the following:

    a. Violation of her right to be free from mental and physical abuse;

    b. Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality, including privacy in treatment and in care of her personal needs;

    c. Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence or anything unusual involving the resident;

    d. Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

    e. Violation of the right to have the Defendants develop and implement a mechanism which would have allowed Ms. Lingar and the responsible party or her responsible family member or her guardian to participate in the planning of her care;

    f. Violation of the right to be given assistance when needed in maintaining body hygiene and good grooming; and

    g. Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, Pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

40. As a result of the aforementioned deprivations and infringements of the rights of Pauline Lingar entitle Plaintiffs to recover actual and punitive damages from the Corporate Defendants in an amount ot be determined by the jury, but in excess of the minimum jurisdictional requirement of this Court, as well as costs and attorney's fees.

### CAUSE OF ACTION AGAINST JUDY BRANHAM AS ADMINISTRATOR OF MOUNTAIN VIEW NURSING AND REHABILITATION CENTER

41. Plaintiffs reallege and reaffirm all the allegations contained in the paragraphs above, and incorporate same as if fully set forth herein.

42. As an administrator of this facility, Administrative Defendant is responsible for ensuring that the facility complies with state and federal regulations related to nursing facilities. The Administrative Defendant had a duty to administer the facility in a manner that enabled her to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental and psychological well-being of each resident. The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility. As such, Administrative Defendant breached her duties of care to Pauline Lingar.

## NEGLIGENCE

43. Plaintiffs reallege and reaffirm all the allegations contained in the paragraphs above, and incorporate same as if fully set forth herein.

44. As Administrator of the facility, the Administrative Defendant owed a duty to the residents, including Pauline Lingar, to provide services as a reasonable administrator within accepted standards for nursing home, long-term care administrators.

45. The Administrative Defendant breached the duties owed to the residents including Pauline Lingar, during her tenure as administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide Pauline Lingar, the care she required. The negligence of Administrative Defendant includes, but is not limited to, the following acts and omissions:

    a. Failure to adequately assess, evaluate, and supervise nursing personnel so as to ensure that Pauline Lingar received appropriate nursing care;

b. Failure to ensure that Pauline Lingar was provided with basic and necessary care and supervision;

c. Failure to adequately hire, train, supervise and retain a sufficient amount of competent and qualified registered nurses, licensed vocational nurses, nurse assistants and other personnel in said facility to assure that Pauline Lingar received care, treatment, and services in accordance with State and Federal law;

d. Failure to assign nursing personnel at the facility duties consistent with their education and experience based on:

   i. Pauline Lingar's medical history and condition, nursing, and rehabilitative needs;

   ii. The characteristics of the resident population residing in the area of the facility where Pauline Lingar was a resident; and

   iii. Nursing skills needed to provide care to such resident population.

e. The failure to increase the number of nursing personnel at the facility to ensure that Pauline Lingar:

   i. Received timely and accurate care assessments;

   ii. Received prescribed treatment, medication, and diet; and

   iii. Was protected from accidental injuries by the correct use of ordered and reasonable safety measures.

f. The failure to provide nursing personnel sufficient in number to provide proper treatment and assessment to Pauline Lingar and other residents, to protect Pauline Lingar's skin integrity and to prevent the worsening of infections; and

    g. The failure to provide adequate supervision to the nursing staff so as to ensure that Pauline Lingar received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, and skin care to prevent infection, and sufficient nursing observation and examination of the responses, symptoms, and progress in the physical condition of Pauline Lingar.

46. A reasonably careful nursing home / long-term care facility administrator would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Pauline Lingar  With regard to each of the foregoing acts of negligence, Administrative Defendant acted with oppression, fraud, malice, or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Pauline Lingar

47. Pauline Lingar is member of a class intended to be protected by the above laws and regulations. The injuries alleged herein resulted from events the laws and regulations were designed to prevent.

48. As a direct and proximate result of such grossly negligent, wanton, or reckless conduct, Pauline Lingar suffered the injuries described herein, and Plaintiffs assert a claim for judgment for all compensatory and punitive damages against the Administrative Defendant, in her capacity as Administrator, including, but not limited to, medical expenses, pain and suffering, mental anguish, disability and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional requirements of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiffs are entitled by law.

## CAUSES OF ACTIONS AGAINST ALL DEFENDANTS DAMAGES

49. Plaintiffs reallege and reaffirm all the allegations contained in the paragraphs above, and incorporates same as if fully set forth herein.

50. As a direct and proximate result of the negligence of all Defendants as set out above, Pauline Lingar suffered injuries including, but not limited to, those listed herein. As a result, Pauline Lingar incurred significant medical expenses, and suffered embarrassment and physical impairment.

51. Plaintiffs seek punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiffs are entitled by law.

## LOSS OF CONSORTIUM

52. Plaintiffs reallege and reaffirm all the allegations contained in the paragraphs above, and incorporate same as if fully set forth herein.

53. As a result of the negligence of the Defendants, as described above, the Plaintiff, Johnny Lingar, has been deprived of the society, companionship and services of his wife, Pauline Lingar, and has otherwise been deprived of her consortium, to his damage in an amount in excess of the minimum jurisdictional requirement of this Court.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against the Defendants for the damages set forth above and for the personal injury to Pauline Lingar, for the medical, past and future, and related expenses, necessary and related to the care of Pauline Lingar's condition, for physical pain and mental anguish suffered by Pauline Lingar, for Pauline Lingar's extreme emotional distress, for Pauline Lingar's loss of her ability to enjoy life, Pauline Lingar's loss of earning capacity and for punitive damages, all in an amount in excess of the minimum jurisdictional requirement of this Court. The

Plaintiff, Johnny Lingar, demands judgment against the Defendants for the loss of consortium of his wife, Pauline Lingar, in an amount in excess of the minimum jurisdictional requirements of this Court. Plaintiffs further demand judgment for their costs herein expended, interest on all sums awarded and any and all other relief to which Plaintiff may be entitled, including a reasonable attorney's fee, pre-judgment and post-judgment interest on all sums awarded, including **TRIAL BY JURY.**

Respectfully submitted,

COUNSEL FOR PLAINTIFF

Hon. Stephen M. O'Brien, III
sobrien@smolawky.com
Hon. Harold L. Kirtley, II
hkirtley@smolawky.com
Hon. Adam J. Stigall
astigall@smolawky.com
Stephen M. O'Brien, III, PLLC
271 West Short Street, Suite 200
Lexington, Kentucky 40507
Telephone: (859) 523-4336
Facsimile: (859) 523-4713

_____
STEPHEN M. O'BRIEN, III